IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAKOTA HOLT, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE No. _____ |
| BRINKER GEORGIA, INC. and | ) | |
| SFERS REAL ESTATE CORP. J, | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT

COMES NOW, DAKOTA HOLT, by and through the undersigned counsel, and files this, his Complaint against Defendants BRINKER GEORGIA, INC. and SFERS REAL ESTATE CORP. J pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows the Court as follows:

## JURISDICTION

1.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as to Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

1

## PARTIES

2.      Plaintiff DAKOTA HOLT (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Kennesaw, Georgia (Cobb County).

3.      Plaintiff is disabled as defined by the ADA.

4.       Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Defendant BRINKER GEORGIA, INC. (hereinafter "Brinker") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

7.      Brinker operates a business located at 4111 Roswell Road, N.E., Marietta, Georgia 30062 doing business as "Chili's Grill & Bar."

8.      Brinker may be properly served with process via its registered agent for service, to wit: The Prentice-Hall Corp. System, 40 Technology Parkway South #300, Norcross, Georgia 30092.

9.      Brinker is the lessee (or sub-lessee) of a portion of the real property and improvements that are the subject of this action. (The free-standing structure

2

situated upon said real property in which Brinker conducts business is referenced herein as the "Chili's Facility." The contiguous structures and improvements on the northern side of such real property shall be referenced herein as the "Shopping Center Facility." Together, the Chili's Facility and the Shopping Center Facility shall be referenced as the "Facilities.")

10.     Defendant SFERS REAL ESTATE CORP. J (hereinafter "SFERS") is, upon information and good faith belief, a Delaware corporation that is not duly licensed to transact business in the state of Georgia or within this judicial district.

11.     SFERS is the owner or co-owner of the real property and improvements that the Facilities are situated upon and that is the subject of this action, referenced herein as the "Property."

12.     SFERS may be properly served with process via its designated representative upon voluntary withdrawal, to wit: Paracorp Incorporated, 4700 Wilshire Boulevard, Los Angeles, California 90010.

**FACTUAL ALLEGATIONS**

13.     On or about September 16, 2018, Plaintiff was a customer at Chili's Grill & Bar, a business located at 4111 Roswell Road, N.E., Marietta, Georgia 30062.

14.     Plaintiff lives in the near vicinity of the Facilities and Property.

15.    Plaintiff's access to the business(es) located at 4101 Roswell Road, N.E., Marietta, Georgia 30062 (of which 4111 Roswell Road, N.E., Marietta, Georgia 30062 is a part), Cobb County Property Appraiser's parcel number 16090300730, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facilities and Property, including those set forth in this Complaint.

16.    Plaintiff travelled to the Facilities and Property as a customer, encountered the barriers to access at the Facilities and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facilities and Property.

17.    Plaintiff has visited the Facilities and Property at least once before and intends on revisiting the Facilities and Property once the Facilities and Property are made accessible.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

18.    On July 26, 1990, Congress enacted the Americans with Disabilities

Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

19.    The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

20.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21.    The Facilities are each a public accommodation and service establishment.

22.    The Property is a public accommodation and service establishment.

23.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

25.    The Facilities must be, but are not, in compliance with the ADA and ADAAG.

26.    The Property must be, but is not, in compliance with the ADA and

ADAAG.

27.     Plaintiff has attempted to, and has to the extent possible, accessed the Facilities and the Property in his capacity as a customer of the Facilities and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28.     Plaintiff intends to visit the Facilities and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facilities and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.     Defendants have discriminated against Plaintiff (and others with

6

disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facilities and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30.    Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facilities and Property, including those specifically set forth herein, and make the Facilities and Property accessible to and usable by Plaintiff and other persons with disabilities.

31.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facilities and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facilities and Property include, but are not limited to:

(a)    **ACCESSIBLE ELEMENTS:**

(i)    There are four (4) accessible parking spaces on the Property most proximate to "TJ Maxx Home Goods" that do not have a properly marked access aisle adjacent to them, in violation of section 502.3.3 of the 2010 ADAAG standards.

7

(ii)     There are six (6) accessible parking space signs on the Property most proximate to "TJ Maxx Home Goods" that are not installed at a permissible height, in violation of section 502.6 of the 2010 ADAAG standards.

(iii)    The accessible parking space on the Property most proximate to "Game Stop" does not have a properly marked access aisle adjacent to it, in violation of section 502.3.3 of the 2010 ADAAG standards.

(iv)     One of the three accessible parking space on the Property most proximate to "Sprouts" does not have a properly marked access aisles adjacent to it, in violation of section 502.3.3 of the 2010 ADAAG standards.

(v)      There are four (4) accessible parking space signs on the Property most proximate to Unit 808 that are not installed at a permissible height, in violation of section 502.6 of the 2010 ADAAG standards.

(vi)     The accessible route along the Shopping Center Facility between Unit 801 and Unit 808 that has a rise greater than 6 (six) inches, but does not have handrails complying with

section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(vii)   The two accessible parking spaces on the Property most proximate to the Chili's Facility have indentations which promote puddling, creating a slipping hazard, and is in violation of section 302.1 of the 2010 ADAAG standards.

(viii)   The two accessible parking spaces on the Property most proximate to the Chili's Facility each have a negative slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(ix)   The access aisle adjacent to the two accessible parking spaces on the Property most proximate to the Chili's Facility has a negative slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(x)   The access aisle adjacent to the two accessible parking spaces on the Property most proximate to the Chili's Facility is also not level due to the presence of a ramp within the boundaries of such access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(xi)     Further, the two accessible parking spaces on the Property most proximate to the Chili's Facility are also not level due to the presence of ramp side flares within the boundaries of such accessible parking spaces, in violation of section 502.4 of the 2010 ADAAG standards.

(xii)    The above-described ramp on the Property most proximate to the Chili's Facility has a slope exceeding 1:10 (one to ten), in violation of section 405.2 of the 2010 ADAAG standards.

(xiii)   The interior of the Chilis Facility has a bar lacking any portion of which that has a maximum height of 34 (thirty-four) inches from the finished floor, in violation of section 902.3 of the 2010 ADAAG standards.

**(b)    RESTROOMS:**

(i)      The Chili's Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(ii)     Due to policy of placing a trash can next to the door to the restrooms of the Chili's Facility, upon exiting, said door lacks permissible minimum maneuvering clearance, in violation of section 404.2.4 of the 2010 ADAAG standards.

10

(iii)   The accessible toilet stall doors in the restrooms in the Chili's Facility are not self-closing and/or otherwise violates section 604.8.2.2 of the 2010 ADAAG standards.

(iv)   The height of the coat hooks in the accessible toilet stalls in the restrooms in the Chili's Facility are above 48" (forty-eight inches) from the finished floor, in violation of section 308.2.1 of the 2010 ADAAG standards.

(v)   The grab bars/handrails in the accessible toilet stalls in the restrooms in the Chili's Facility are not positioned in accordance with 609.4 and 604.5 of the 2010 ADAAG standards. Specifically, the rear grab bar is too short.

(vi)   The toilet paper dispensers in the accessible toilet stalls in the restrooms in the Chili's Facility are affixed outside permissible reach ranges, in violation of section 604.7 of the 2010 ADAAG standards.

(vii)   The soap dispensers in the restrooms in the Chili's Facility are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(viii)  The doors to the accessible toilet stalls in the restrooms in the

Chili's Facility require an opening force in excess of 5 lbs. (five pounds), in violation of section 404.2.9 of the 2010 ADAAG standards.

32.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facilities and Property.

33.    Plaintiff requires an inspection of Facilities and Property in order to determine all of the discriminatory conditions present at the Facilities and Property in violation of the ADA.

34.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.    All of the violations alleged herein are readily achievable to modify to bring the Facilities and Property into compliance with the ADA.

36.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because the nature and cost of the modifications are relatively low.

37.    Upon information and good faith belief, the removal of the physical

12

barriers and dangerous conditions present at the Facilities and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

38.     Upon information and good faith belief, the Facilities and Property have been altered since 2010.

39.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facilities and Property, including those alleged herein.

41.     Plaintiff's requested relief serves the public interest.

42.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

43.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

44.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to

grant injunctive relief to Plaintiff, including the issuance of an order to modify the Facilities and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find Brinker in violation of the ADA and ADAAG;

(b)    That the Court find SFERS in violation of the ADA and ADAAG;

(c)    That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d)    That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facilities and Property to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)    That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)    That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: November 15, 2018.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC

14

1123 Zonolite Road N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich